## THE TOLEDO, FOSTORIA & FINDLAY RY. CO. v. THE TOLEDO & OHIO CENTRAL RY. CO.

*Railroads—Grade crossings—Judgment ordering interurban to install and maintain crossing—Cause of action stated by railroad for repairs, when—Judicial notice taken of statutes—Municipal limits extended by ordinance—Judgment as to installation and maintenance of crossing not annulled thereby—Section 3775, General Code, inapplicable.*

1. A petition which avers a judgment ordering an interurban railway company to bear all the expense of installing and maintaining a crossing over the tracks of a steam railway company and its approaches, and further avers that the interurban railway company had failed to repair the crossing after request, and that expense had been incurred by the steam railway company in making such repairs, states a cause of action for the recovery of such expense.

2. The court will take judicial notice of statutes of state, and therefore it is not necessary to plead them.

3. A judgment requiring an interurban railway company to bear the expense of installation and maintenance of crossing over steam railway tracks, is determinative of private and not public rights, and binding upon the parties thereto, and is not subject to annullment by an ordinance extending city limits so as to bring the crossing within the situation governed by Section 3775, General Code, requiring each of the parties to share the expense.

(Decided March 23, 1925.)

ERROR: Court of Appeals for Lucas county.

*Messrs. Denman, Wilson, Miller & Wall,* for plaintiff in error.
*Messrs. Doyle & Lewis,* for defendant in error.

WILLIAMS, J.   This cause comes into this court on error from the court of common pleas, and the plaintiff in error here was defendant below, and vice versa.  In the court below the plaintiff filed its petition seeking to recover for the expense of repairing and maintaining a crossing at a point in the city of Fostoria, where the tracks of the interurban railway, operated by the defendant below, crossed the tracks of the steam road, operated by plaintiff below.  After the plaintiff filed its petition, the defendant filed its answer, and to the answer the plaintiff filed a general demurrer, raising the question of the sufficiency of the answer. The court below sustained the demurrer to the answer, and, the defendant not desiring to plead further, the court entered a final judgment, to which error is prosecuted.

It is averred in the petition that a judgment and decree of the circuit court of Seneca county was rendered on appeal from the court of common pleas of that county, in which it was ordered and adjudged that the Toledo, Fostoria & Findlay Railroad Company, plaintiff in error here, should bear all expense of the installation and maintenance of the crossing in question and the approaches thereto.  It is then further averred therein that there was a failure on the part of the defendant to make repairs of the crossing after re-

quest, and that expense was incurred by plaintiff in making such repairs. Sufficient facts are averred in the petition to state a cause of action.

By way of defense to the petition, the defendant in its answer pleaded an ordinance of the city of Fostoria, passed subsequent to the entering of such judgment, by which the corporate limits of the city of Fostoria were so extended as to include within the municipality the crossing in question, which, prior to the passage of such ordinance, was without the limits of any municipality. The defendant in its answer further sets forth the fact that it has maintained said crossing during a part of the time since said judgment was entered and borne the expense incurred in so doing, and that the plaintiff company has failed, refused and neglected to pay, though requested so to do, and prays judgment for one-half of the amount so expended.

We may say, in passing, that the pleader has also set forth in the answer a copy of Section 3775, General Code, but such action was wholly unnecessary, we believe, because a court will take judicial notice of the statutes of this state, and it is not necessary to plead them. Plaintiff in error, however, now relies upon that section of the statute, which provides:

"When the tracks of two street railroads, or of a street railroad and steam railroad, cross each other at a convenient grade on a street, the crossings shall be made with crossing frogs of the most approved pattern and materials, and kept up and in repair at the joint expense of the companies owning such tracks."

The sole and only point made by the defendant

in its brief is that the court below erred in sustaining the demurrer, because the rights of the parties to this action were regulated and fixed by above quoted section of the Code after the time of the passage of the ordinance referred to and the incorporation within the boundaries of the city of Fostoria of the territory which included the crossing in question. We are of the opinion that the court did not err in this respect. The judgment of the circuit court of Seneca county was binding upon the parties thereto.

Under and by virtue of the statutes in force at the time the judgment of the circuit court of Seneca county was entered, if a street railway company and a steam railroad company could not agree upon the manner and expense of establishing a grade crossing, a suit could be filed in the court of common pleas of the county where such crossing was located, and then the court had power to determine by a decree the mode of crossing, and to apportion the initial expense of the construction of the crossing and the expense of maintenance among the parties interested. This course was taken and thereupon the parties duly appealed the cause to the circuit court of that county. In that court the cause was tried and judgment rendered ordering the crossing constructed, the expense to be paid by the Toledo, Fostoria & Findlay Railway Company. The judgment became binding upon the parties thereto, and, being a judgment which determined private property rights and did not affect public rights, it could not be modified or nullified by the act of any legislative body, whether the Congress of the United States,

the General Assembly of the state of Ohio, or the council or other lawmaking body of a municipality. *Pennsylvania* v. *Wheeling & Belmont Bridge Co.,* 59 U. S., (18 How.), 421, 15 L. Ed., 435; *United States* v. *Aakervik,* (D. C.), 180 F., 137.

We quote from the case of *Pennsylvania* v. *Wheeling & Belmont Bridge Company* as follows: "But it is urged that the act of Congress cannot have the effect and operation to annul the judgment of the court already rendered, or the rights determined thereby in favor of the plaintiff. This, as a general proposition, is certainly not to be denied, especially as it respects adjudication upon the private rights of parties. When they have passed into judgment the right becomes absolute, and it is the duty of the court to enforce it."

We also quote from *United States* v. *Aakervik:* "A judgment once rendered, if concerning property rights, settles them as between the litigants, or, if touching the status of either property or the person, determines that, the court possessing proper jurisdiction, and is and ought to be the end of litigation and the law, unless set aside or revised by some authoritative method known also to the law.  *  *  *  The Supreme Court has determined that an act of Congress cannot annul a judgment of the Supreme Court, or impair the rights determined thereby, as respects adjudications upon the private rights of parties, and applied the principle as it pertained to a matter of costs, while it was held that the principal controversy did not come within the rule."

As the judgment of the circuit court above referred to controlled the rights of the parties, the

contention of plaintiff in error is not sustained. Judgment will therefore be affirmed.

*Judgment affirmed.*

RICHARDS and YOUNG, JJ., concur.